**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DR. PARVATI MITTAPALLI and DR. MOHANRAO MITTAPALLI**, individually and as husband and wife, | ) ) ) ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) Case No. 06-CV-0061-CVE-SAJ ) |
| **FORD MOTOR COMPANY, INC.**, a Delaware corporation, and **DANIEL COY EAKIN**, | ) ) ) |
| **Defendants.** | ) ) |

**OPINION AND ORDER**

Now before the Court is the motion to remand (Dkt. # 14) filed by plaintiffs Parvati Mittapalli and Mohanrao Mittapalli. Plaintiffs move to remand this matter to the District Court for Tulsa County.

**I.**

Plaintiffs filed their petition against defendants Ford Motor Company, Inc. ("Ford") and Daniel Coy Eakin on April 19, 2005, stating various state law claims against defendants for injuries arising out an automobile accident. The petition includes a request for damages "in excess of $10,000"[1] for each claim in addition to a claim for in excess of $10,000 in punitive damages. The petition identifies Oklahoma as the residence of both plaintiffs and defendant Eakin.

---

[1] In Oklahoma, the general rules of pleading require that:

"[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

Plaintiffs served Ford's registered service agent on October 17, 2005.[2] Ford filed its notice of removal on January 30, 2006, claiming federal jurisdiction based upon Eakin's residence in Louisiana and plaintiffs' responses to requests for admission in which plaintiffs decline to admit that they are not claiming damages in excessive of $75,000.

**II.**

A civil action brought in state court may be removed to federal court if the federal court could have exercised original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Subject matter jurisdiction is, generally, contingent upon the presence of a federal question, 28 U.S.C. §1331, or diverse parties, 28 U.S.C. §1332. For a federal court to exercise diversity jurisdiction under section 1332, there must be complete diversity in the citizenship of the parties and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Removal statutes are to be strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. Anderson v. Ford Motor Co., 303 F. Supp. 2d 1253, 1256 (W.D. Okla. 2004); see also Wallace v. HealthOne, 79 F. Supp. 2d 1230, 1232 (D. Colo. 2000) ("As federal courts are courts of limited jurisdiction, jurisdiction is presumed not to exist absent proof by the party asserting that it does.").

**A.**

Plaintiffs' state court petition alleges that Eakin is a resident of Tulsa County, Oklahoma. Ford challenges that assertion. Whether diversity jurisdiction exists is determined by assessing the citizenship of the parties at the time the action was commenced. Id. at 1233. A party asserting jurisdiction must demonstrate complete diversity by a preponderance of the evidence. Id. at 1232. For the purposes of diversity jurisdiction, one is a citizen of the state in which he is domiciled.

---

[2] Plaintiffs never served defendant Eakin.

Stucky v. Bates, 2 F. Supp. 2d 1434, 1437 (D. Kan. 1998). To establish domicile, a party must demonstrate an individual's physical presence in a state as well as an intent on the part of the individual to remain in that state. Smith v. Cummings, Nos. 05-3180 & 05-3262, 2006 WL 1067305, at *4 (10th Cir. 2006); see also Jones v. United States, 305 F. Supp. 2d 1200, 1208 (D. Kan. 2004) ("Domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."). The court considers the totality of the evidence in making the citizenship determination, paying particular attention to objective indicia of intent to remain in a given state, including place of employment, driver's license, automobile registration, bank accounts, tax payments, location of personal property, and voting practices. Stucky, 2 F. Supp. 2d at 1437. Domicile is determined as of the date the complaint is filed, in this case, April 19, 2005.

Ford represents that Eakin was a resident of Louisiana at the time plaintiffs filed their state court petition and submits records from the Louisiana Department of Public Safety and Corrections Office of Motor Vehicles to verify its claim. Among those documents is Eakin's application for a Louisiana driver's license dated August 19, 2004, in which Eakin lists his city of residence as Shreveport, Louisiana and which contains a notation by an office employee that Eakin surrendered his Oklahoma driving permit. Defendant Fort Motor Company's Response and Objection to Plaintiff's Motion to Remand (hereinafter "Ford's Response") (Dkt. # 16), Ex. C, License Application. Ford also points to a document issued by the Office of Motor Vehicles certifying Eakin's driving record. That document indicates that, as of January 3, 2006, Eakin retained the driver's license issued in 2004. Id. at Ex. C, Driving Record Certification. Ford reasons that Eakin's initial registration as a Louisiana driver with a Louisiana residence in 2004 and continued

3

registration in 2006 demonstrates his Louisiana citizenship during the intervening period, which includes the date of plaintiffs' 2005 filing. Plaintiffs' sole rejoinder to this evidence is that driving records alone cannot establish Eakin's Louisiana citizenship for the purposes diversity jurisdiction.

Without question, the possession of a driver's license from a particular state weighs in favor of a finding of domicile within that state. See State Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (noting that defendant's driver's license was relevant in determining domicile for diversity purposes). Moreover, Eakin's Louisiana license, which, the evidence suggests, remains valid in the state of Louisiana, identifies Eakin's city of residence as Shreveport, Louisiana. While residence is not synonymous with domicile or citizenship, "the place of residence is prima facie the domicile." Id.; see also National Inspection & Repairs, Inc. v. George S. May Int'l Co., 202 F. Supp. 2d 1238, 1242 (D. Kan. 2002) ("The place where a person lives is assumed to be his domicile unless the evidence establishes the contrary."). Plaintiffs have offered no evidence to undercut this presumption.[3]

Although Ford has not provided overwhelming evidence demonstrating Eakin's citizenship, and the Court is without the aid of Eakin's own representation regarding his domicile since plaintiffs have not served him, the Court determines that Ford has met its burden of establishing by a

---

[3] The Court is not placing the burden on plaintiffs to establish the absence of jurisdiction but, once a defendant offers compelling evidence rebutting a plaintiff's assertions of citizenship, it is not unreasonable to expect a plaintiff to come forward with evidence confirming allegations of citizenship in his state court petition.

preponderance of the evidence that Eakin was domiciled in the state of Louisiana at the time plaintiffs filed their state court petition.[4]

**B.**

The Court turns, then, to the question of whether Ford has sufficiently established the requisite amount in controversy to establish jurisdiction. The parties dispute on this issue does not actually go to the amount in controversy, for plaintiffs have effectively conceded that they are pursuing total damages in excess of $75,000.[5] The thrust of plaintiffs' remand motion as it relates to the amount in controversy is that their prayer for "in excess of $10,000" as to each claim may be aggregated for the purposes of establishing the amount in controversy. Had Ford properly aggregated the claims, plaintiffs argue, it would have recognized that the petition stated a claim for damages in excess of $75,000, thereby triggering the thirty-day period in which diversity actions may be removed. See 28 U.S.C. § 1446(b) (requiring removal within thirty days of receipt of a copy of the initial pleading in case where action is removable from its inception). Ford responds that the

---

[4] Plaintiffs criticize Ford for failing to provide other types of documentation establishing Eakin's Louisiana citizenship. Courts have generally avoided adherence to strict numerical formulas in evaluating the factors utilized in determining citizenship, however. See Garcia Perez v. Santaella, 364 F.3d 348, 351 (1st Cir. 2004) ("No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature.")

[5] Plaintiffs' motion for remand states, "the Petition itself established that Plaintiffs were claiming damages in excess of $75,000.00. Plaintiffs asserted eight (8) causes of action, each of which requested at least $10,000. (The first cause of action requested damages in excess of $20,000[.]) In addition, Plaintiffs requested punitive damages in excess of $10,000.00 against Defendant Ford. These allegations put Defendant Ford on notice that each Plaintiff was seeking at least the jurisdictional amount of $75,000." Plaintiff's Motion to Remand (Dkt. # 14), at 7.

5

law does not permit aggregation of plaintiffs' claims for the purposes of removal, since they are variations on the same cause of action.

Aggregation of claims for jurisdictional purposes is permitted "when a single plaintiff seeks to aggregate two or more of its own claims against a defendant or in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." Elliott Indus. Ltd. P'ship v. BP Amer. Prod. Co., 407 F.3d 1091, 1105 (10th Cir. 2005); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed. 1998) ("[A] defendant can remove when the total value of the claims asserted against him by a single plaintiff, or by plaintiffs asserting joint claims, exceeds the statutory amount."). That general rule is subject to the limitation that claims may not be aggregated for the purposes of removal when the claims are "merely different bases for a single recovery." Gallo v. Homelite Consumer Products, 371 F. Supp. 2d 943 (N.D. Ill. 2005); see also Suber v. Chrysler Corp., 104 F.3d 578, 588 (3d Cir. 1997) (noting that if "claims are alternative bases of recovery for the same harm under state law, plaintiff could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy.").

Plaintiffs' state court petition alleged eight causes of action against Ford: negligence, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness, products liability, fraud and deceit, and a claim for punitive damages. Plaintiffs's claims for negligence, breach of various warranties, and strict liability are alternate bases for recovery for the injuries sustained during the car crash. See Powers v. FMC Corp., 155 F. Supp. 2d 307, 310 (E.D. Pa. 2001) (noting that counts of negligence, strict liability, and breach of warranty are three different theories of recovery for the same set of injuries allegedly suffered by plaintiff). As a consequence,

Oklahoma law would ultimately permit recovery under only one of those theories.  See Rogers v. Meiser, 68 P.3d 967, 970 n.5 (Okla. 2003) ( "[I]nconsistent judgments and double recovery are not permissible.").  For the purposes of jurisdiction, they collectively establish the possibility of "in excess of $10,000" in damages.  If Ford had aggregated that amount with plaintiffs' additional claim of fraud and deceit and for punitive damages, it would have been alerted to possible damages in excess of $30,000, well below the necessary jurisdictional amount.[6]  Accordingly, the Court concludes that the face of plaintiffs' state court petition does not give notice of damages in excess of $75,000, and that the thirty day period did not begin on the date Ford received plaintiffs' petition.

**B.**

When the face of a plaintiff's petition does not state a specific claim for damages, a removing defendant may file its notice of removal within thirty days of receipt of a copy of an amended pleading, motion, order or other paper establishing that the amount in controversy is in excess of $75,000.  28 U.S.C. § 1446(b).  Ford argues that its removal was timely because it occurred within thirty days of receiving discovery materials establishing the requisite amount in controversy.

Ford filed its notice of removal on January 30, 2006, four days after receipt of the following responses to its requests for admission:

> **REQUEST FOR ADMISSION NO. 12:** Admit that you are not claiming damages in excess of $75,000, exclusive of interest and costs, as a result of the claims alleged herein.

---

[6] It is not clear whether Mohanrao Mittapalli's independent claim for loss of consortium and separate claim for negligence should be aggregated for the purposes of determining diversity jurisdiction.  Even if those claims were aggregated, however, the petition would still state claims for recovery in excess of $50,000, not $75,000.

7

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:** Denied.

**REQUEST FOR ADMISSION NO. 13:** Admit that you, or anyone in your behalf, will never ask for damages in excess of $75,000.00, exclusive of interest and costs, as a result of the claims alleged herein.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:** Denied.

Ford's Response (Dkt. #16), Ex. F, Response to Defendant Ford Motor Company's Second Request for Admissions to Plaintiff. Ford argues that plaintiffs' responses establish that the amount in controversy exceeded $75,000 and that removal subsequent to receipt of those responses was timely and appropriate.

This Court has repeatedly held that a plaintiff's refusal to admit that the amount sought is not in excess of $75,000 does not sufficiently establish the amount in controversy for diversity jurisdiction purposes. See, e.g., Gonzalez v. State Farm Mut. Auto. Ins. Co., 05-CV-243-CVE-SAJ (June 21, 2005) (concluding that plaintiff's response that "Plaintiff seeks an amount in excess of $10,000. Plaintiff wants whatever the jury wants to award. That might be less than $75,000, it might not be" did not establish necessary amount in controversy to establish a basis for removal); Barber v. Albertson's, Inc., 935 F. Supp. 1188, 1191 (N.D. Okla. 1996) ("The effect of this denial is that Plaintiff has refused to admit that the amount in controversy does not exceed $50,000. The Court concludes that this response by Plaintiff, standing alone, does not affirmatively establish that the amount in controversy exceeds $50,000 for purposes of diversity jurisdiction."); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351, 353 (N.D. Okla. 1995) (finding that defendant did not establish amount in controversy by submitting plaintiff's response to request for admission, where only basis for removal was plaintiff's statement that "the exact value of this claim can not be determined at this time therefore, Defendant's request for admission is denied"). Plaintiffs' answers to Ford's request

for admission do not constitute an "unequivocal" statement, see LCvR 81.3(a)(2), that the damages actually sought by the plaintiff exceed $75,000.

The Court's analysis does not end there, however. Where neither the complaint nor the notice of removal provides insight into the existence of federal diversity jurisdiction, the Court may consult other relevant materials in the record. Hanna v. Miller, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001). Here, although plaintiffs' state court petition does not reveal the necessary jurisdictional amount and the responses to the requests for admission are not sufficient to establish the amount in controversy, plaintiffs have made an implicit admission that they anticipate a possible award of $75,000 or more as relief for injuries sustained as a result of the car crash. The Court considers this acknowledgment, in pleadings signed by counsel, to be significant. See., e.g., Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006) (noting that proponent of federal diversity jurisdiction must demonstrate what plaintiff stands to recover and identifying factors for consideration, including: contentions, interrogatories or admissions in state court; calculation from complaint's allegations; reference to plaintiff's informal estimates or settlement demands; and introduction of evidence from defendant's experts on cost of satisfying plaintiffs' claims); Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997) (finding that district court did not abuse discretion in accepting admission made in open court by plaintiff's attorney, that the amount in controversy exceeded $50,000). It would be a waste of judicial resources to remand this matter to state court for lack of jurisdiction, when it is clear that the jurisdictional requirements have been met Ford will almost certainly remove again.

The Court is satisfied that the amount in controversy in this matter exceeds the required jurisdictional amount and that the parties are completely diverse and determines, accordingly, that it has diversity jurisdiction in this matter.

**III.**

**IT IS THEREFORE ORDERED** that plaintiffs' motion to remand (Dkt. # 14) is hereby **denied**.

**IT IS FURTHER ORDERED** that plaintiffs show cause within twenty (20) days why defendant Eakin has not been served and why he should not be dismissed.

**DATED** this 16th day of May, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT