UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DR. PARVATI MITTAPALLI and DR. MOHANRAO MITTAPALLI, individually and as husband and wife,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Case No. 06-CV-0061-CVE-SAJ |
| **FORD MOTOR COMPANY, INC., a Delaware corporation, and DANIEL COY EAKIN,** ) ) ) ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant Ford Motor Company's Motion to Strike Trial Date, Set a New Trial Date, or in the Alternative, Set a Date for a Scheduling Conference (Dkt. ## 54, 55), as well as Plaintiffs' Response (Dkt. # 56). Ford Motor Company, Inc. ("Ford") requests the Court to strike the current trial setting of May 21, 2007, and asks that the trial be reset for the September 2007 trial docket. Plaintiffs claim that the request is premature.

Plaintiffs filed this products liability action in state court on April 19, 2005, and Ford removed the case to this Court on January 30, 2006. Plaintiffs allege that the airbag system in the 1997 Ford Taurus was defectively designed and, because of this defect, plaintiffs suffered personal injuries when they were involved in an automobile accident. Since the case was removed, Ford claims that the case has been bogged down in discovery disputes. The most recent discovery dispute concerns Ford's attempt to disassemble the vehicle to inspect the underbody and airbag system. Plaintiffs objected to Ford's request, and the parties argued the matter before a magistrate judge. The magistrate judge ruled that Ford would be permitted to move the vehicle to a Ford dealership to be placed on a hydraulic lift for inspection, but that the inspection had to take place in the

presence of plaintiffs' expert. Dkt. # 53. The deadline for plaintiffs to disclose expert witnesses was extended until February 20, 2007, and the discovery cutoff was extended to April 30, 2007.

The proposed inspection of the vehicle has still not taken place. Plaintiffs objected to Ford's request to move the vehicle to an indoor facility for an inspection on January 12, 2007, and a severe ice storm hit Tulsa, Oklahoma, preventing Ford from moving the vehicle. In order to comply with the magistrate judge's order, Ford acknowledges that plaintiffs' expert should be allowed to attend. However, plaintiffs have not endorsed any expert witnesses and state that they will not do so until closer to the extended deadline for expert disclosures.[1] In response to interrogatories from Ford, plaintiffs have refused to identify a specific theory to support their claim alleging Ford defectively designed the airbag system.[2] Ford is concerned that discovery will not proceed until plaintiffs identify their expert witnesses and their theory of the case. In addition, Ford argues that it will not be able to comply with the deadlines in the current scheduling order because of the delays caused by plaintiffs. Due to the extension of the discovery cutoff to April 30, 2007, Ford claims it will not be able to file motions in limine by March 30, 2007, exchange pre-marked exhibits by April 13, 2007, or prepare a pretrial order by April 30, 2007.

Plaintiffs respond (Dkt. # 56) that it is premature to reset the trial date, because discovery is ongoing and the parties may be able to complete discovery by April 30, 2007. Even if the parties complete discovery by April 30, 2007, Ford has presented a compelling case that it will have

---

[1] Although plaintiffs are entitled to wait until the deadline to disclose the identity of their experts, Ford is correct that this will delay discovery by putting off depositions of plaintiffs' experts until March or April.

[2] Plaintiffs claimed that it would invade their work-product privilege to identify a specific defect, and also asserted that they had not retained an expert who will testify regarding the alleged product defect.

difficult time drafting a dispostive motion, motions in limine, or otherwise preparing a defense for trial. Plaintiffs argue that it is premature to consider striking the trial date, but discovery delays in this case will be considerably more harmful to defendants than plaintiffs. It also appears that many of the delays are due to plaintiffs' failure to timely identify an expert or put Ford on notice of their theory of defect. Given the problems cited by Ford, the Court finds that the current trial setting is unrealistic. The Court will reset the trial date and, because of the number of pretrial deadlines that will need to be extended, the Court will file an amended scheduling order based on a September trial date. The request for scheduling conference is moot.

**IT IS THEREFORE ORDERED** that Defendant Ford Motor Company's Motion to Strike Trial Date, Set a New Trial Date, or in the Alternative, Set a Date for a Scheduling Conference is **granted** as to new trial date (Dkt. # 54), and found **moot** as to request for scheduling conference (Dkt. # 55). The current schedule dates are hereby **stricken**, and an amended scheduling order shall be filed herewith.

**DATED** this 19th day of January, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT