**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

DR. PARVATI MITTAPALLI, and )
DR. MOHANRAO MITTAPALLI, individually )
and as husband and wife, )
)
       Plaintiffs, )
)    Case No. 06-CV-61-GKF-SAJ
vs. )
)
FORD MOTOR COMPANY INC., a Delaware )
corporation, doing business in Oklahoma, and )
DANIEL COY EAKIN, individually, )
)
       Defendants. )

**OPINION AND ORDER**

This matter comes before the Court on the Motion for Partial Summary Judgment of

defendant Ford Motor Company ("Ford") as it relates to plaintiffs' claims for breach of implied

warranty [Docket No. 73].

This Opinion and Order addresses the Motion for Partial Summary Judgment only as it

applies to the Third Cause of Action (breach of the implied warranty of merchantability) and Fourth

Cause of Action (breach of the implied warranty of fitness for a particular purpose). A previous

Opinion and Order addressed the Motion as it applied to the Second Cause of Action (Breach of

Express Warranty) and Fifth Cause of Action (Fraud and Deceit).

For the reasons set forth below, Ford's Motion for Partial Summary Judgment with regard

to plaintiffs' Third and Fourth Causes of Action is granted in part and denied in part.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56(c).  When applying this standard, a court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.  *Wolf v. Prudential Insurance Company of America*, 50 F.3d 793, 796 (10th Cir. 1995).  The movant for summary judgment must meet the initial burden of showing the absence of a genuine issue of material fact, then the nonmovant bears the burden of pointing to specific facts in the record "showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."  *Id.*

Plaintiffs Dr. Parvati Mittapalli and Dr. Mohanrao Mittapalli (the "Mittapallis") purchased a Ford Taurus on July 14, 1997.  On April 22, 2003, the Mittipallis were involved in an automobile collision.  Mrs. Mittapalli was injured when the front passenger airbag came into contact with her face.  She lost one eye and a portion of her eyesight in the other eye.  The Mittipallis filed their Petition in state court on April 19, 2005.

In their briefs, the parties address both Oklahoma and Michigan law, but agree that it is of no consequence which law is applied with respect to whether the warranty claims survive summary adjudication.  As more fully discussed below, this Court respectfully disagrees for reasons having to do with Michigan's law of implied warranty.  In addressing Ford's motion for partial summary judgment, the Court first discusses whether plaintiffs' claims for breach of implied warranty are time-barred under Michigan law.  Next, the Court discusses whether plaintiffs' claims for breach of implied warranty survive under Oklahoma law.

Michigan recognizes a cause of action for implied warranty in tort in addition to the contractual implied warranty claims allowed by the UCC.  *Republic Ins. Co. v. Broan Manufacturing Co.*, 960 F. Supp. 1247, 1252-53 (E.D. Mich. 1997).  A contractual UCC implied

warranty cause of action must be commenced within four years of tender of delivery, regardless of the time of discovery of the breach.   *Neibarger v. Universal Cooperatives, Inc.*, 486 N.W.2d 612, 620 (Mich. 1992).  Ford is entitled to summary adjudication on plaintiffs' contractual claims for breach of the implied warranty of merchantability and for breach of the implied warranty of fitness, as the actions were not commenced within four years of tender of delivery.  An implied warranty in tort claim is governed by Michigan's statute of limitations applicable to product liability claims. *Republic Ins. Co.,* 960 F. Supp. at 1253.  In Michigan, that period of limitations is three years.  The period commences when the accident occurs or when the person discovers, or knows, or has reason to know of the act which caused the injury.  *Id.*  Thus, under Michigan law, plaintiffs' causes of action for breach of implied warranty in tort are not time-barred.

With respect to plaintiffs' implied warranty claims under Oklahoma law, Ford's motion must be granted.  To the extent the Mittipallis allege a UCC-based implied warranty claim, the claim is time-barred, as it was not commenced within five years after tender of delivery.  To the extent the Mittipallis allege an implied warrant based on personal injury, the Oklahoma Supreme Court has held that "[s]uch theory of recovery has been merged into manufacturer's products liability. . . ." *O'Neal v. Black & Decker Manufacturing Co.*, 523 P.2d 614, 615 (Okla. 1974).

As stated above, the parties agreed in their briefing that it is of no consequence whether Oklahoma law or Michigan law applies with respect to whether the implied warranty claims survive summary adjudication.  Because this Court concludes that plaintiffs' cause of action for breach of implied warranty in tort survives limitations analysis, the parties are hereby directed to file trial briefs on the issue of whether the claim can survive a conflict-of-laws analysis.

**WHEREFORE,** Ford Motor Company's Motion for Partial Summary Judgment [Docket No. 73] as to plaintiffs' claims for breach of implied warranty is **granted in part and denied in part.**

**IT IS SO ORDERED** this 7th day of August 2007.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma